UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAVIER TRUJILLO,<br><br>          Petitioner,<br><br>     v.<br><br>RALPH DIAZ, Warden at CSATF, et al.,<br><br>          Respondents. | Case No. 1:13-cv-01360-SKO-HC<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE COURT REMEDIES (DOC. 1)<br><br>**FILING DEADLINE:   THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on August 16, 2013, and transferred to this Court on August 26, 2013.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The

1

Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the California Substance Abuse Treatment Facility (CSATF) located in Corcoran, California, serving a four-year sentence for possessing marijuana in prison, a violation of Cal. Pen. Code § 4573.6. He contends the California

Department of Corrections and Rehabilitation (CDCR) has incorrectly computed Petitioner's time credits.

Petitioner raises the following claim in the petition: the CDCR erred in its application of state law when it calculated Petitioner's release date by applying twenty (20) percent work time credits to his conviction, whereas he was entitled under California law to fifty (50) per cent credit. (Pet., doc. 1, 4.) Petitioner alleges that he exhausted this claim and includes documentation that indicates he raised this claim before the lower state courts and filed a habeas petition in the California Supreme Court.

However, in a memorandum of points and authorities, Petitioner also mentions that it was his understanding he would receive fifty percent credit if he accepted the negotiated plea agreement pursuant to which Petitioner ultimately entered a plea of nolo contendere, and he should be allowed to withdraw his plea if the CDCR will not give him the fifty per cent post-conviction credits. (Id. at 10, 15.) Petitioner also contends that he was coerced into accepting the plea bargain under threat of being charged under the California's "Three Strikes" law, a law which has been amended, and thus Petitioner's sentence is disproportionate to the severity of the offense. (Id. at 10.) In addition, in the course of an administrative appeal, Petitioner stated that the erroneous computation of his sentence credits violated his liberty interest. (Id. at 22.)

It is unclear whether Petitioner intends to raise these additional points as claims in his petition. If Petitioner intends to raise these additional matters as claims here, it does not appear that Petitioner exhausted these additional matters in the course of

1  exhausting administrative remedies (id. at 17-18, 20-21, 33-34; but
2  see, id. at 22) or in the course of litigating habeas corpus
3  proceedings in the Kings County Superior Court and the Court of
4  Appeal of the State of California (id. at 38-39, 41). Further,
5  Petitioner does not allege or demonstrate that he exhausted these
6  additional potential claims in the California Supreme Court. (Id.
7  at 43.)

## II.  Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically informed the state court he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same

5

> considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, Petitioner states he raised his claim that state statutes were being erroneously applied before the California Supreme Court. (Doc. 1, 3.) However, Petitioner does not specifically describe or document the proceedings in the state courts in which he exhausted his additional claims. Therefore, upon review of the instant petition for writ of habeas corpus, Petitioner does not appear to have presented his additional claims to the California Supreme Court. If Petitioner has not presented all of his claims to the California Supreme Court, this Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

It is possible that Petitioner has presented his claims to the California Supreme Court but has simply neglected to inform this Court. Therefore, Petitioner must inform the Court if his additional claims have been presented to the California Supreme Court, and, if possible, provide this Court with a copy of the petition filed in the California Supreme Court with a copy of any ruling made by the California Supreme Court on the additional claims. Without knowing what claims have been presented to the California Supreme Court, this Court is unable to proceed with the merits of the petition.

### III.  Order to Show Cause

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court, and, if possible, to submit a copy of the petition filed in the California Supreme Court in which Petitioner raised the additional claims no later than thirty (30) days after the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **August 27, 2013**                              **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE