UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAVIER TRUJILLO,<br><br>   Petitioner,<br><br> v.<br><br>RALPH DIAZ, Warden at CSATF, et al.,<br><br>   Respondents. | Case No. 1:13-cv-01360-SKO-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 6)<br><br>ORDER DISMISSING THE PETITION FOR FAILURE TO STATE A CLAIM COGNIZABLE IN A PROCEEDING PURSUANT TO 28 U.S.C. § 2254 (DOC. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

  Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in writing signed by Petitioner and filed by Petitioner on September 9, 2013. Pending before the Court is the petition, which was filed on August 16, 2013, and transferred to this Court on August 26, 2013.

///

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges he is an inmate of the California Substance Abuse Treatment Facility (CSATF) located in Corcoran, California, serving a four-year sentence for possessing marijuana in prison, a violation of Cal. Pen. Code § 4573.6. Petitioner alleges that the California Department of Corrections and Rehabilitation (CDCR) has incorrectly computed his time credits. Petitioner raises the following claim in the petition: the CDCR erred in its application of state law when it calculated Petitioner's release date by applying twenty (20) percent work time credits to his conviction, when he was entitled to fifty (50) percent credit under California law. (Pet., doc. 1, 4.) Petitioner alleges that he exhausted this claim and provides documentation that indicates he raised this claim before the lower state courts and filed a habeas petition in the California Supreme Court.

II.   Discharge of the Order to Show Cause

In a memorandum of points and authorities submitted with the petition, Petitioner also mentions that it was his understanding that he would receive fifty (50) percent credit if he accepted the negotiated plea agreement pursuant to which Petitioner ultimately entered a plea of nolo contendere, and he should be allowed to withdraw his plea if the CDCR will not give him the fifty (50) per cent post-conviction credits. (Id. at 10, 15.) Petitioner also contends that he was coerced into accepting the plea bargain under threat of being charged under the California's "Three Strikes" law, a law which has been amended, and thus Petitioner's sentence is disproportionate to the severity of the offense. (Id. at 10.) In addition, in the course of an administrative appeal, Petitioner claimed that the error in computing his sentence credits violated

3

his liberty interest.  (Id. at 22.)  However, Petitioner does not allege he raised these additional matters before the California Supreme Court.  It was unclear from a review of the petition whether Petitioner indeed intended to raise the additional matters as claims, and whether he had exhausted his state court remedies as to such matters if he intended to raise them as claims here.

Because the status of these matters as claims and extent of any exhaustion was unclear, Petitioner was ordered to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies; Petitioner was ordered to inform the Court what claims had been presented to the California Supreme Court, and, if possible, to submit a copy of the petition filed in the California Supreme Court in which Petitioner raised the additional claims no later than thirty (30) days after the date of service of the order to show cause.

On September 9, 2013, Petitioner responded to the order to show cause in writing.  Petitioner requests that the Court rule on the first, exhausted ground in the petition and disregard any other requests within the memorandum of points and authorities.  (Doc. 7.)  Accordingly, the Court will consider the petition to raise only one claim that the CDCR erred in its application of state law when it calculated Petitioner's release date by applying twenty (20) percent work time credits to his conviction, when he was entitled to fifty (50) percent credit under California law.

Further, the order to show cause will be discharged.

III.   State Law Claim

Petitioner claims that the CDCR erred in its application of California law when calculating his credits.  However, federal

4

habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

Here, there is no indication that the state court's interpretation of state law was an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

Because Petitioner's only claim is based solely on state law, Petitioner's allegation that the CDCR and state courts erred in computing his credits does not state facts that point to a real possibility of constitutional error. An error of state law does not entitle a petitioner to relief in a proceeding pursuant to § 2254. Further, because the defect in the claim does not relate to any failure to allege sufficient facts, but instead to the nature of the claim as a state law claim, Petitioner could not allege a tenable claim even if leave to amend were granted.

5

Accordingly, the petition for writ of habeas corpus must be dismissed without leave to amend for failure to state a claim cognizable in a proceeding pursuant to § 2254.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the

6

applicant need not show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the case because this dismissal terminates the case in its entirety.

IT IS SO ORDERED.

Dated:   **October 15, 2013**               **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE